IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR CHARLES THOMAS, | ) <br> ) <br> ) <br> ) |
| Petitioner, | ) <br> ) CIVIL NO. 16-1009 |
| v. | ) CRIMINAL NO. 05-205 <br> ) CRIMINAL NO. 07-227 |
| UNITED STATES OF AMERICA, | ) <br> ) |
| Respondent. | ) <br> ) <br> ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge.**

Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (the "Motion") (ECF No. 587)[1] filed by petitioner Lamar Charles Thomas ("petitioner" or "Thomas").[2] After reviewing the Motion and the brief in opposition filed by the United States of America (the "government") (ECF No. 592), the court will deny the Motion for the reasons set forth below.

**I. Background**

On September 16, 2009, Thomas pleaded guilty in this court to Counts 1 through 6 of the Superseding Indictment at Criminal Action No. 05-205 ("Superseding Indictment") and to Count 1 of the Indictment at Criminal Action No. 07-227 ("Indictment") (ECF Nos. 239 (Superseding

---

[1] The docket references ("ECF No.") in this opinion are references to the docket in the criminal case, Criminal No. 05-205, unless otherwise noted.

[2] Petitioner filed an identical motion at Criminal Action No. 07-227. (ECF No. 88.)

Indictment), 443 (Guilty Plea), 445 (Judgment); Criminal Action No. 07-277 ECF Nos. 31 (Superseding Indictment), 83 (Guilty Plea), 84 (Judgment).) These charges included four charges of conspiracy, pursuant to 21 U.S.C. §§ 841 and 846 (Superseding Indictment Counts 1-4), one charge for possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c) (Superseding Indictment Count 5), one charge for unlawful possession of a machine gun, pursuant to 18 U.S.C. § 922 (Superseding Indictment Count 6), and one charge of for receipt of a firearm while under indictment (Indictment Count 1). (ECF No. 239; Criminal Action No. 07-277 ECF No. 31.)

With respect to Count 5 of the Superseding Indictment, which is the charge at issue in the instant Motion, Thomas pleaded guilty to possessing a firearm in violation 18 U.S.C. §§ 924(c)(1)(A)(i).[3] Specifically, Thomas possessed a firearm in furtherance of the conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846, as charged in Count 1 of the Superseding Indictment and in furtherance of the conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(b)(ii) and 846, as charged in Count 2 of the Superseding Indictment. (ECF Nos. 239, 443, 445.)

At the sentencing hearing, this court determined that Thomas was subject to the enhancement set forth in § 924(c)(1)(A)(i), which triggered a 60-month mandatory minimum sentence of imprisonment to be served consecutively to the punishment imposed for the

---

[3] Count 5 of the Superseding Indictment charged Thomas with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii). Section 924(c)(1)(B)(ii) mandates a 30-year minimum term of imprisonment if the firearm "is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler." 18 U.S.C. § 924(c)(1)(B)(ii). Both parties stipulated at sentencing that the firearm possessed in furtherance of a drug trafficking crime, as charged at Count 5, was not a machine gun. (ECF No. 444 at 5.)

2

underlying drug trafficking crime. § 924(c)(1)(A)(i). The court sentenced Thomas to 120 months' imprisonment at Counts 1 through 4 and 6 of the Superseding Indictment and to 60 months' imprisonment at Count 1 of the Indictment, all those sentences to be concurrently served. Defendant was also sentenced to 60 months' imprisonment at Count Five of the Superseding Indictment, to be served consecutively to the other terms of imprisonment imposed. (ECF No. 445.) His total term of imprisonment was 180 months. Had § 924(c)(1)(A)(i) not applied to Thomas, he would not have been subject to the *additional* mandatory consecutive 60-month term of imprisonment and could have instead concurrently served all terms.

On July 1, 2016, Thomas filed, pro se, the instant Motion. (ECF No. 587.) In the Motion, Thomas alleges that his sentencing enhancement under 18 U.S.C. § 924(c)(1)(A)(i) should be overturned in light of the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). (Id.)

On October 7, 2016, the government filed a response in opposition, arguing that Johnson has no application to Thomas's sentence, as Thomas was convicted and sentenced for a drug trafficking crime, not for a crime of violence. (ECF No. 592.)

**II. Standard of Review**

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).

Under 28 U.S.C. § 2255(a), a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

In <u>Hill v. United States</u>, 368 U.S. 424 (1967), the Supreme Court of the United States read the statute as providing four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

<u>Hill</u>, 368 U.S. at 426–27. As a remedy, the statute provides that if a sentence was imposed in violation of law, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Petitioner bears the positive burden of proving that he is entitled to relief under 28 U.S.C. § 2255. <u>United States v. Davies</u>, 394 F.3d 182, 189 (3d Cir. 2005). The general rule in habeas cases is that the petitioner must show that his conviction is illegal. <u>United States v. Hollis</u>, 569 F.2d 199, 206 (3d Cir. 1977). It well settled that to obtain relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. <u>United States v. Frady</u>, 456 U.S. 152, 166 (1982). As a collateral challenge, a motion pursuant to § 2255 is reviewed much less favorably then a direct appeal of the sentence. <u>United States v. Travillion</u>, 759 F.3d 281, 288 (3d Cir. 2014). Indeed, relief under § 2255 is available only when the claimed error of law was a

4

fundamental defect which inherently results in the complete miscarriage of justice and presents exceptional circumstances where the need for the remedy is apparent. Id. (citing Davis v. United States, 417 U.S. 333, 346 (1974)).

**III. Analysis**

In the Motion, petitioner argues that he is entitled to post-judgment relief under 28 U.S.C. § 2255 based upon the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). (ECF No. 587.) In Johnson, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") defining "violent felony" was unconstitutionally vague and, that consequently, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563. In Welch, the Supreme Court determined that its decision in Johnson retroactively applies. Welch, 136 S. Ct. 1257 at 1265.

Although Thomas was not sentenced under the ACCA, he asks the court to apply the reasoning of Johnson to the enhancement applied to his sentence under 18 U.S.C. § 924(c).[4] The Third Circuit Court of Appeals addressed an almost identical request in United States v. Parnell, 652 F. App'x 117 (2016). In Parnell, the court recognized that Johnson struck down the residual clause in the ACCA for vagueness, and that the definition of "crime of violence" in § 924(c) may likewise be unconstitutionally vague because it contains language "similar to the residual

---

[4] Section 924(c)(1)(A) imposes a five-year sentencing enhancement for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c). The statute defines "crime of violence" to mean any felony that
    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
Id.

clause struck down in Johnson." Parnell, 652 F. App'x at 122. The court, however, recognized that "[S]ection 924(c) imposes the enhancement on those who use a firearm 'during and in relation to any crime of violence *or drug trafficking crime*,'" and that the petitioner in Parnell received an enhancement for possessing a firearm in furtherance of a drug trafficking crime, not in furtherance of a crime of violence. Id. (emphasis original). The court determined that while the constitutionality of § 924(c)'s definition of a "crime of violence" may be in question in the wake of Johnson, "Johnson does not call into question [§924(c)'s] unambiguous definition of 'drug trafficking crime.'" Id. Because the definition of "drug trafficking" for which the petitioner in Parnell was convicted was not vague and did not have a residual clause in any way similar to the residual clause in the ACCA, the Third Circuit Court of Appeals determined that the reasoning in Johnson had no effect on enhancements under § 924(c) that were based on drug trafficking crimes.

Several other courts have likewise determined that the reasoning in Johnson does not apply to § 924(c) enhancements based on drug trafficking crimes. United States v. Hare, 820 F.3d 93, 106 (4th Cir.), cert. denied, 137 S. Ct. 224 (2016), reh'g denied, Civil Action No. 16-5348, 2016 WL 6569830 (U.S. Nov. 7, 2016) (finding that Johnson did not apply to petitioner's case, because one of the two underlying charges for which petitioner had received an enhancement under § 924(c) was a drug trafficking crime); Muhammad v. United States, Civil Action No. 15-7502, 2016 WL 6595912, at *2 (D.N.J. Nov. 7, 2016) ("While *Johnson* did invalidate the residual clause of the Armed Career Criminal Act, which acted as a catch all provision for the statute's definition of a crime of violence, *Johnson* in no way invalidated or altered the operation of the Act or the equivalent Sentencing Guideline as to drug trafficking crimes."); United States v. Gibson, Criminal Action No. 3:08-1057, 2016 WL 3552008, at *2

6

(D.S.C. June 30, 2016), appeal dismissed (Sept. 27, 2016) ("Despite Defendant's argument that all of § 924(c) is "void for vagueness" (ECF No. 496 at 2), if *Johnson* impacts § 924(c) at all it would only serve to invalidate the residual clause in the crime of violence portion (§ 924(c)(3)(B)) . . . . [T]he Supreme Court's holding in *Johnson* has no effect on convictions for § 924(c) based on drug trafficking crimes.); Rodriguez v. United States, Criminal Action No. 1:06-00004, 2016 WL 5402765, at *2 (W.D.N.C. Sept. 26, 2016) ("Section 924(c)(2)'s unambiguous definition of 'drug trafficking crime' is nothing like the residual clause that the Supreme Court found to be impermissibly vague in Johnson. Therefore, Johnson has no effect on convictions under Section 924(c) based on drug trafficking crimes."); Eldridge v. United States, Civil Action No. 16-3173, 2016 WL 4062858, at *3 (C.D. Ill. July 29, 2016) ("[§ 924(c)(2)] is nothing like the residual clause that Johnson found impermissibly vague. Section 924(c)(2) sets forth the specific felonies that constitute a drug trafficking crime and does not contain a residual clause. Therefore, Johnson has no effect on convictions for § 924(c) based on drug trafficking crimes.").

Because Johnson in no way altered the operation of the drug trafficking portions of § 924(c), and Thomas's sentence enhancement under this statute was based solely on his drug trafficking convictions, neither Johnson nor Welch provides any basis for relief. Thomas's sentence remains entirely proper and constitutional. Consequently, Thomas's claim is clearly without merit, and his Motion to vacate sentence pursuant to 28 U.S.C. § 2255 must be denied.

### VI. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue or the

clerk of the court of appeals shall remand the case to the district court for a prompt determination about whether a certificate should issue. See 3rd Cir. LAR. 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the Petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based upon the Motion, files and records of this instant case, and for the reasons set forth herein, the petitioner's sole claim is without merit. Because jurists of reason would not disagree with this Court's denial of Petitioner's Motion to vacate sentence, petitioner did not show a denial of his constitutional rights. This Court, therefore, will not issue a certificate of appealability.

An appropriate order will be entered.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Date: December 12, 2016